# Exhibit A

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 13-2288

Brian DiMascio _____ , Plaintiff(s)

v.

Razor USA, LLC
and Toys 'R' US, Inc. _____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Razor USA, LLC

You are hereby summoned and required to serve upon Alan H Crede of The Law Office of Alan H. Crede P.C.

plaintiff's attorney, whose address is 8 Faneuil Hall Suite Boston, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  Barbara J. Rouse, Esquire, at Boston, the _nineteenth_ day of _June_ , in the year of our Lord two thousand _and thirteen_ .

*Michael Joseph Donovan*

Clerk/Magistrate

<div style="writing-mode: vertical-rl;">NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 13-2228B

Brian D. Mascco _____ , Plaintiff(s)

v.

Toys 'R' W, Inc and
Razor USA, LLC _____ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: Toys 'R' U, Inc

You are hereby summoned and required to serve upon Alan Crede of
The Law office of Alan H. Crede, P.C.
plaintiff's attorney, whose address is X Funeul Hall Suite 300 _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the __nineteenth__ day of __June__ , in the year of our Lord two thousand __and thirteen__ .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest
6/24/13
Deputy Sheriff Suffolk ___ John Cotter

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,201____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

Dated:_____,201____.                    _____

N.B.    TO PROCESS SERVER: --
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| ,201 . |

Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF Suffolk | DOCKET NO. 13-2228 B |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Brian D. Mascis | Razor USA LLC<br>Toys R Us Inc |

| Plaintiff Atty | Alan Crede | Type Defendant's Attorney Name |
|---|---|---|

| Address | 8 Faneuil Hall Suite 310 | Defendant Atty | |
| City | Boston | State | MA | Zip Code | 02109 | Address | |
| | | | | | | City | | State | | Zip Code | |

Tel. 617 713-6434    BBO# 664451

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | A | [✓] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                                  $ 66,681.31
  2. Total doctor expenses                                                    $
  3. Total chiropractic expenses                                             $
  4. Total physical therapy expenses                                        $
  5. Total other expenses (describe)                                        $
                                                              Subtotal  $
B. Documented lost wages and compensation to date                $
C. Documented property damages to date                              $
D. Reasonably anticipated future medical expenses                 $
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe)
                                                                              $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Plaintiff suffered compound fracture with extreme
  pain and suffering. Fracture required hospitalization          Total $
  and surgery causing foot drop

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                  TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
                    N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: 6/19/13
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**\* CONTRACTS**

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**\*TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage. | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

**\* REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E21 | Protection from Harassment c 258E | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | \*\*Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes   [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
TRIAL COURT DIVISION
CIVIL ACTION NO.

13-2228

| | |
|---|---|
| BRIAN DIMASCIO, ) | |
| ) | |
| Plaintiff ) | COMPLAINT & |
| ) | JURY DEMAND |
| v. ) | |
| ) | |
| RAZOR USA, LLC and ) | |
| TOYS 'R' US, INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

## PARTIES

1.  The Plaintiff, Brian DiMascio (hereinafter "Mr. DiMascio" or "Plaintiff"), is

an individual who resides at 28 Eldon Road in Milton, MA.

2.  The Defendant, Razor USA, LLC (hereinafter "Razor USA"), is a limited liability

company organized under the laws of the state of Delaware.

3.  The Defendant Toys 'R' Us, Inc. is a Delaware corporation with its principal place of

business in Wayne, NJ. Its registered agent is Corporation Service Company of 84 State Street in

Boston.

## STATEMENT OF FACTS

4.  Razor USA designs, manufactures, distributes and sells various riding toys.

5.  One Razor USA product is marketed and sold as a "RipStik Casterboard" (hereinafter

"RipStik Casterboard" or "Ripstik").

6. The RipStik Casterboard resembles many skateboards in terms of its length and the fact that its wheels are positioned under surface decking that is several inches off the ground.

7. RipStik Casterboards also resemble skateboards inasmuch as riders customarily stand astride the surface deck.

8. However, unlike skateboards, which have four wheels, the RipStik Casterboard has only two wheels.

9. The RipStik Casterboard's wheels are mounted to the decking on swivel casters, which allow the wheels to rotate and move. The wheels are intentionally mounted at an approximate thirty degree angle.

10. The wheels on a RipStik Casterboard are located under two separate platform decks.

11. The RipStik Casterboard's two separate decks are joined by a "torsion bar," which houses a spring.

12. By torquing the torsion bar by shifting their weight, RipStik Casterboard riders cause the platform decking's surface to move up and down.

13. By manipulating the torsion bar in this manner, RipStik Casterboard riders are able to gather momentum.

14. RipStik Casterboards are extremely unstable.

15. It is extremely difficult to maintain one's balance while standing on a RipStik Casterboard.

16. Novice riders are at an especially high risk of falls.

17. On July 1, 2010, Brian DiMascio (hereinafter "Mr. DiMascio"), a novice RipStik user, was riding a RipStik in his parents' driveway when he suffered a gruesome injury.

18. Mr. DiMascio's mother, Susan DiMascio, had purchased the RipStik from a Toys 'R'

2

Us store for her young nephew, Johnny.

19. Mr. DiMascio had watched Johnny on the Ripstik but had himself tried using the device on only a few prior occasions.

20. Novice Ripstik riders, such as Mr. DiMascio, are unable to gather much momentum on the Ripstik when it is used on a flat surface because the challenge of balancing is so great that novice users normally cannot balance well enough to remain standing on the board while shifting their weight to gather speed.

21. Consequently, Mr. DiMascio, who was using the RipStik on his parents' driveway – lacking in any perceptible incline or grade – was traveling only about 1 mile per hour or so when the accident occurred.

22. As Mr. DiMascio was standing on the Ripstik, he felt himself lose his balance and attempted to regain his equilibrium.

23. In the process, Mr. DiMascio turned his ankle, resulting in a compound bimalleolar ankle fracture.

24. The only warnings on the RipStik Casterboard Mr. DiMascio was riding were to be found on a sticker on the reverse side of the board, stating:

<div align="center">

WARNING

THIS PRODUCT MOVES WHEN USED.
EXERCISE CAUTION & COMMON SENSE
WHEN RIDING.

</div>

- Use only on smooth, dry, level ground.
- Always wear a helmet, shoes and protective gear. Ride at your own risk.
- Make sure all bolts are fastened securely.
- Make sure the environment is safe for riding. Not for use by children under 8.
- Read the owner's manual before using.

<div align="center">

3

</div>

## STATEMENT OF CLAIMS

### COUNT I
Brian DiMascio v. Razor USA, LLC
(Breach of Express and Implied Warranties)

25. Plaintiff realleges, reasserts and incorporates by reference the facts and allegations stated in the previous paragraphs as if fully set forth herein.

26. Pursuant to Massachusetts General Laws Chapter 106, §2-316A and §2-314, Razor USA, LLC expressly and implied warranted to plaintiff and the general public that the RipStik Casterboard was safe, merchantable and fit for its foreseeable purposes of use.

27. Razor USA, LLC breached its warranties because the RipStik Casterboard was unsafe, not of merchantable quality and unfit for its intended and foreseeable uses and purposes.

28. Razor USA, LLC breached the warranty of merchantability by the inadequate warnings given in connection with the RipStik Casterboard, which did not adequately warn foreseeable users of the dangers associated with the RipStik Casterboard's use.

29. Razor USA, LLC also breached the warranty of fitness for a particular purpose and express warranties.

30. Plaintiff relied on the warranties made by Razor USA, LLC and Plaintiff sustained injury as a direct and proximate result of the breaches of warranty committed by Razor USA, LLC.

### COUNT II
Brian DiMascio v. Razor USA, LLC
(General Laws Chapter 93A)

31. Plaintiff realleges, reasserts and incorporates by reference the facts and allegations stated in the previous paragraphs as if fully set forth herein.

32. At all relevant times hereto, the Defendant Razor USA, LLC was engaged in trade or commerce.

33. Razor USA LLC's acts and omissions in breaching its warranties constitute unfair and deceptive acts and practices within the meaning of General Laws Chapter 93A, §§2 and 3 and 940 C.M.R. §3.08(2).

34. These unfair and deceptive acts and practices were performed willfully and knowingly.

35. As a result of these unfair and deceptive practices, Plaintiff sustained injuries.

36. On May 14, 2013, Brian DiMascio, through the undersigned counsel, sent the defendants, via U.S. Express Mail, a written demand for relief pursuant to Massachusetts General Laws c. 93A §9.

37. On June 14, 2013, after communications between the undersigned counsel and counsel for the Defendants, the Defendants replied in writing that they "cannot make any offer of settlement at this time."

38. The refusal to grant relief was made in bad faith with knowledge or reason to believe that the acts of defendants violated G.L. c. 93A, §2.

<div align="center">

COUNT III
Brian DiMascio v. Razor USA, LLC
(Negligence)

</div>

39. Plaintiff Brian DiMascio realleges, reasserts and incorporates by reference the facts and allegations stated in the previous paragraphs as if fully set forth herein.

40. The Defendant Razor USA, LLC owed certain duties to the Plaintiff, including but not limited to, the duty to provide a product free of design and warning defects. Razor USA, LLC violated these duties by the facts that:

<div align="center">

5

</div>

a. Razor USA, LLC was negligent in the testing, marketing, sale and distribution of RipStik Casterboards;

b. Razor USA, LLC negligently failed to warn the Plaintiff regarding the dangerous design and characteristics of the RipStik Casterboard;

c. Razor USA, LLC negligently designed, assembled and manufactured a product which was unsafe when used in reasonably foreseeable ways;

41. As a direct and proximate result of Razor USA, LLC's negligence, the Plaintiff has suffered injuries.

<div align="center">

COUNT IV
Brian DiMascio v. Toys 'R' Us, Inc.
(Breach of Express and Implied Warranties)

</div>

42. Plaintiff realleges, reasserts and incorporates by reference the facts and allegations stated in the previous paragraphs as if fully set forth herein.

43. Pursuant to Massachusetts General Laws Chapter 106, §2-316A and §2-314, Toys 'R' Us, Inc. expressly and implied warranted to plaintiff and the general public that the RipStik Casterboard was safe, merchantable and fit for its foreseeable purposes of use.

44. Toys 'R' Us, Inc. breached its warranties because the RipStik Casterboard was unsafe, not of merchantable quality and unfit for its intended and foreseeable uses and purposes.

45. Toys 'R' Us, Inc. breached the warranty of merchantability by the inadequate warnings given in connection with the RipStik Casterboard, which did not adequately warn foreseeable users of the dangers associated with the RipStik Casterboard's use.

46. Toys 'R' Us, Inc. also breached the warranty of fitness for a particular purpose and express warranties.

<div align="center">

6

</div>

47. Plaintiff relied on the warranties made by Toys 'R' Us, Inc. and Plaintiff sustained injury as a direct and proximate result of the breaches of warranty committed by Toys 'R' Us, Inc.

<div align="center">

COUNT V

Brian DiMascio v. Toys 'R' Us, Inc.
(General Laws Chapter 93A)
</div>

48. Plaintiff realleges, reasserts and incorporates by reference the facts and allegations stated in the previous paragraphs as if fully set forth herein.

49. At all relevant times hereto, the Defendant Toys 'R' Us, Inc. was engaged in trade or commerce.

50. Toys 'R' Us, Inc.'s acts and omissions in breaching its warranties constitute unfair and deceptive acts and practices within the meaning of General Laws Chapter 93A, §§2 and 3 and 940 C.M.R. §3.08(2).

51. These unfair and deceptive acts and practices were performed willfully and knowingly.

52. As a result of these unfair and deceptive practices, Plaintiff sustained injuries.

53. On May 14, 2013, Brian DiMascio, through the undersigned counsel, sent Toys 'R' Us, Inc., via U.S. Express Mail, a written demand for relief pursuant to Massachusetts General Laws c. 93A §9.

54. On June 14, 2013, after communications between the undersigned counsel and counsel for the Defendants, the Defendants replied in writing that they "cannot make any offer of settlement at this time."

55. The refusal to grant relief was made in bad faith with knowledge or reason to believe that the acts of defendants violated G.L. c. 93A, §2.

<div align="center">7</div>

## COUNT VI
### Brian DiMascio v. Toys 'R' Us, Inc.
### (Negligence)

56. Plaintiff Brian DiMascio realleges, reasserts and incorporates by reference the facts and allegations stated in the previous paragraphs as if fully set forth herein.

57. The Defendant Toys 'R' Us, Inc. owed certain duties to the Plaintiff, including but not limited to, the duty to provide a product free of design and warning defects. Toys 'R' Us, Inc. violated these duties by the facts that:

a. Toys 'R' Us, Inc. was negligent in the testing, marketing, sale and distribution of RipStik Casterboards;

b. Toys 'R' Us, Inc. negligently failed to warn the Plaintiff regarding the dangerous design and characteristics of the RipStik Casterboard;

c. Toys 'R' Us, Inc. negligently designed, assembled and manufactured a product which was unsafe when used in reasonably foreseeable ways;

58. As a direct and proximate result of Toys 'R' Us, Inc.'s negligence, the Plaintiff has suffered injuries.

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Brian DiMascio, hereby requests that this Honorable Court grant the following relief:

1. Enter Judgment against Defendants;

2. Award Plaintiff his attorney fees, costs and expert witness fees;

3. Award compensatory damages for lost wages and benefits, pain and suffering, medical expenses, loss of enjoyment of life and out-off-pocket expenses or other financial losses, plus lawful interest;

4.  Award treble damages;

5.  Order the Defendant to pay prejudgment interest;

6.  Award such other relief as the Court deems fair and just.

### JURY DEMAND

The Plaintiff respectfully demands a trial by jury on all issues so triable.


Respectfully submitted,

Brian DiMascio,
By his Attorney,


Alan H. Crede, BBO No. 664451
THE LAW OFFICE OF ALAN H. CREDE, P.C.
8 Faneuil Hall, Suite 300
Boston, MA  02109
(617) 973-6434
alan.crede@credelaw.com


Date:   June 19, 2013